UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ryan M. Savage,<br>Plaintiff,<br>　　v.<br><br>Smyrna Ready Mix Concrete, LLC,<br>Defendant. | CASE NO.: 2:23-cv-3592-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with:

    a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notice of the Right to Sue was received from EEOC on or about May 5, 2023.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Plaintiff, Ryan M. Savage, is a citizen and resident of Charleston County, South Carolina.

5. The Defendant, Smyrna Ready Mix Concrete, LLC, is upon information and belief, is a foreign corporation organized in the State of Tennessee and operating under the laws of the State of South Carolina.

6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

10. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. In or around May 2020, Plaintiff began working for Stono Concrete as a driver/operator. Smyrna Ready Mix Concrete, LLC purchased Stono Concrete and Plaintiff continued his employment with Smyrna Ready Mix Concrete, LLC. Plaintiff was efficient and effective in his work at all times relevant to this action.

12. Several years ago, the Plaintiff was diagnosed with Tourette's Syndrome, and notified the Defendant of his disability when he was hired.

13. On or about October 29, 2021, the Plaintiff was subjected to discrimination based on his disability when he was chosen for a drug screening after rumors went around the workplace that he was using his disability so he could use drugs.

14. Gordon Jenkins, co-owner of Stono Concrete, referred to Plaintiff as "the type of person who looks like they are on drugs," and "if you never met him before, you would think he was on drugs."

15. Plaintiff was subjected to several drug screenings that his coworkers were not subjected to.

16. Plaintiff reported these incidents to Beth and Amanda, both in Human Resources, via telephone. After the telephone call to Human Resources, the comments continued about Plaintiff's disability, and accusations of drug use, but nothing was done.

17. Sean, the Plant Manager, told coworkers "That guy is on some stuff, we should drug test him," in reference to Mr. Savage.

18. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner.

19. The continued accusations of drug use and threats of drug suspension, after Mr. Savage complained of discrimination in violation of the ADA, constituted a hostile work environment, and retaliation after engaging in protected activity.

20. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

21. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with the reasonable accommodations, can perform the essential functions of several jobs in Defendant's employment.

22. Plaintiff is an individual with a presumed disability who, who the reasonable accommodations, can perform the essential functions of his job in Defendant's employment.

23. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

24. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to Accommodate

26. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

27. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

28. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

29. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

30. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

31. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

32. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in his employment, in violation of the Act.

33. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA - Hostile Work Environment

34. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

35. Once Plaintiff asserted his rights under §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

36. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), by allowing a hostile work environment to exist in the workplace.

37. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

38. That the aforesaid constructive discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of §107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117).

39. As a direct and proximate result of the acts and practices of Defendant in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
### Violation of the ADA – Retaliation

40. Plaintiff reiterates and realleges the allegations contained in the above paragraphs as if fully set forth herein.

41. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

42. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

43. Shortly after requesting said accommodations, the Defendant discharged the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

44. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

45. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

46. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

3. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

4. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

5. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

6. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

*(Signature on following page)*

                                **WIGGER LAW FIRM, INC.**

                                *s/Matthew O. King*
                                Matthew O. King (Fed. I.D. #13793)
                                Attorney for Plaintiff
                                8086 Rivers Avenue, Suite A
                                N. Charleston, SC 29406
                                843-553-9800

North Charleston, South Carolina
July 26, 2023